Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6408 | **DATE** | 9/24/2003 |
| **CASE TITLE** | HAYWOOD vs. EVERGREEN MOTOR CARS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Evergreen's bill of costs [63-1] is approved in part. Evergreen is awarded $1,676.40 in costs. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | U.S. DISTRICT COURT | SEP 2 5 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | 03 SEP 25 PM 12:46 | | 69 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/24/2003 date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RENALDO HAYWOOD, )
)
Plaintiff, ) No. 02 C 6408
)
v. ) Suzanne B. Conlon, Judge
)
EVERGREEN MOTOR CARS, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Renaldo Haywood sued Evergreen Motor Cars., d/b/a BMW of Orland Park, for race discrimination and harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* and 42 U.S.C. § 1981 and common law intentional infliction of emotional distress. The court granted Evergreen's motion for summary judgment on all claims. *Haywood v. Evergreen Motor Cars., Inc.*, No. 02 C 6408, 2003 WL 21418248 (N.D.Ill. June 18, 2003). Evergreen now seeks its costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

### DISCUSSION

"[C]osts ... shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d). However, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3)

1

fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. In its bill of costs, Evergreen seeks costs incurred for depositions, service of subpoenas, witness attendance and copying. Haywood complains that Evergreen's costs are excessive.

Evergreen seeks $89.00 for costs related to serving Dr. Patricia Simples. Prevailing parties may recover service costs that do not exceed the U.S. Marshal's fees, regardless who effects service. *Hall v. Chicago*, No. 98 C 4682, 2003 WL 21518536 at *3 (N.D.Ill. July 2, 2003). The U.S. Marshal charges $40 per hour for the first two hours and $20 for every hour thereafter. *Id.* The prevailing party is entitled to the minimum charged by the U.S. Marshal, $40. Evergreen was charged $59.00 for serving Dr. Simples, plus $30 for "rush" service. Evergreen did not justify the "rush" premium. The prevailing party's service costs may not exceed the U.S. Marshal's charges. *Id.*; *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). Accordingly, Evergreen is awarded $40 in costs for serving Dr. Simples.

Section 1920(3) authorizes witness fees. Although Haywood does not object to Evergreen's $50 witness fee, the payment to a deponent may not exceed the statutory limit of $40.00 plus reasonable travel expenses and subsistence charges. 28 U.S.C. § 1821(b), (c). Evergreen fails to offer any evidence of the witnesses' travel expenses or subsistence charges. Therefore, Evergreen's recovery for witness fees is limited to $40.00. *See Chamberlain Group, Inc., v. Interlogix, Inc.*, No. 01 C 6157, 2002 WL 31176068, *3 (N.D.Ill. Sept. 30, 2002).

Evergreen seeks $332.50 for Michelle Dural's deposition, including messenger delivery costs. Under the Judicial Conference guidelines, "delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts." *Hall*, 2003 WL 21518536 at

2

*2. The $3.10 per page rate charged for the transcript is within the Judicial Conference guidelines. Accordingly, Evergreen can recover the requested $325.50 for the costs of Dural's deposition. Evergreen cannot recover the $6.50 in delivery charges for Dural's deposition.

Evergreen seeks $409.50 for the deposition of Scott Boomsa. For the reason stated above, Evergreen cannot recover the $6.50 delivery charge. *See Hall*, 2003 WL 21518536 at *2. Haywood further contends that the remaining $403.00 Evergreen requests should be denied because the deposition was unnecessary. Evergreen argues that the request is proper because the deposition was necessary to prepare for Haywood's cross-motion for summary judgment. The determination of necessity under 28 U.S.C. § 1920 "must be made in light of the facts known at the time of the deposition, without regard to intervening development that render the deposition unneeded for further use." *Mother and Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003). The standard for recovery is whether the deposition was 'reasonably necessary' to the case, not whether it was used in a motion or in court." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Although this court granted summary judgment for Evergreen, ordering the deposition transcript of Haywood's supervisor in anticipation of possible use in its reply brief and ongoing litigation is reasonable. *See id.* at 455 (employers do not have to rely on affidavits from their employees). The $3.10 per page rate is within the limitations specified by the Judicial Conference. Accordingly, Evergreen is awarded $403.00 for the costs of Boomsma's deposition.

Similarly, Haywood argues that the deposition transcripts of Guy Accettura and John Dokmo were unnecessary because they were not ordered until after Evergreen moved for summary judgment. Evergreeen responds that they were necessary to respond to Haywood's cross-motion for summary judgment. Indeed, in his opposition to summary judgment, Haywood argued that Accetura's and

3

Dokmo's affidavits conflicted with their deposition testimony. Transcripts were necessary to respond to these arguments. For the reasons stated above, Evergreen may also recover the costs of Accetura's and Dokmo's depositions, less messenger delivery ($297.60 and $381.30, respectively). *See Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D.Ill. 2000) (deposition and transcript costs for deposition not used in motion for summary judgment were recoverable).

Evergreen seeks $219.00 in fees and disbursements for printing. To justify this expense, Evergreen submits a billing sheet. While a party is not required to prepare a bill of costs "so detailed as to make it impossible economically to recover photocopying costs," the documentation must establish that the copies were made for the case and that they were reasonable and necessary to the litigation. *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Moreover, a party cannot recover costs for copies for its own use. *See Hall*, 2003 WL 21518536 at * 2-3. Considering Evergreen's billing sheet, it is impossible to tell whether printing costs were for anything other than Evergreen's personal use and whether the copies were reasonably necessary to litigate Haywood's claim. Accordingly, Evergreen's request for $219.00 is denied. *See McCollough v. O'Neill*, No. 01 C 6510, 2003 WL 737847 (N.D.Ill. Feb. 28, 2003).

Haywood disputes Evergreen's request for $353.75 in photocopying costs. In Evergreen's response to Haywood's objections, it produces a copy of the court's docket, listing the pages it produced for the court. *See Mortell v. MacNeal Health Care Servs. Corp.*, No. 99 C 4531, 2000 WL 804666, at *3 (N.D. Ill. June 21, 2000) (reliable verification that the copies were necessary is needed). Evergreen may only recover for copies submitted to the court and opposing counsel. *See Alsaras v. Dominick's Finer Foods, Inc.*, 99 C 4226, 2001 WL 1117275, at *2 (N.D. Ill. Sept. 19, 2001), *citing McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). Three copies

4

are reasonable based on the court's filing requirement of an original and one copy of each document with a courtesy copy to chambers. Evergreen submitted 510 pages of documents to this court. Evergreen has not produced an external fee bill for these copies. Its other documentation fixes an internal rate of $0.10 per page.[1] Accordingly, Evergreen is awarded $153.00 for copying costs. (1530 pages x $0.10 = $153.00).

Evergreen submits invoices for medical records totaling $262.75. It is clearly allowable to award costs for obtaining medical records. *See Gillman v. Crown Equip. Corp.*, 1996 WL 556706, *5 (N.D.Ill. Sept. 26, 1996). In this case, Haywood asserted an intentional infliction of emotional distress claim. These documents were necessary for Evergreen to defend that claim. However the Record Copy Services invoices Evergreen submits are too vague to support recovery. The invoices do not list the number of pages copied, nor do they list the rate. Nor do the invoices breakdown costs associated with service of each subpoena. Without these figures, it is impossible to determine whether the costs of the copies were within the range authorized by the Judicial Conference. Similarly, without knowing the amount Record Copy Services charged for subpoena service, it is impossible to determine whether that amount exceeds the U.S. Marshal's charges. *See, e.g., Denson v. Northeast Illinois Regional Commuter R.R., Corp.*, 2003 WL 21506946, *2 (N.D.Ill. June 27, 2003). Accordingly, Evergreen's request for $262.75 – the cost of procuring Haywood's medical records – is denied.

---

[1] Evergreen suggests that the rate should be $0.30 per page. However no documentation has been submitted to support this amount. The docket printouts merely establish that Evergreen made 1530 copies. Copy rates of between $0.10 and $0.20 are reasonable. *See Hall* 2003 WL 2158536 at * 2 (*citing Pendleton v. LaSalle Nat. Bank*, 2002 WL 1880124 (N.D.Ill. Aug. 12, 2002)). Evergreen's internal billing sheets fix a rate of $0.10 per page.

Evergreen seeks to recover $91.00 for obtaining Haywood's EEOC file. Uniscribe copied 380 pages at $0.20 per page. This is a reasonable expense. *See Riley v. UOP LLC*, 258 F. Supp. 2d 841, 845-46 (N.D.Ill. 2003). However, delivery fees are unrecoverable. *See Hall*, 2003 WL 21518536 at *2. As a result, Evergreen may recover $76.00.

## CONCLUSION

Evergreen's bill of costs is approved in part. Evergreen is awarded $1407.40 in deposition costs, $229.00 in copying costs, and $40.00 in witness attendance costs.

September 24, 2003

ENTER:

Suzanne B. Conlon
United States District Judge